Williams, Judge,
delivered the opinion of the court:
The plaintiff, a lieutenant in the United States Navy, sues to recover the increased rental and subsistence allowances provided for an officer of his rank, from November 1, 1924, to date of judgment, because of a dependent mother.
*267 The claim is based on section 4 of the act of June 10, 1922 (42 Stat. 625, 627), which provides as follows:
“ Seo. 4. That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
Also sections 5 and 6 of the act of June 10, 1922, 42 Stat. 628, as amended by the act of May 31, 1924, 43 Stat. 250.
The plaintiff’s mother, on November 1, 1924, when the claim began to run, was 61 years of age and was in poor health, and since 1929 has been a semi-invalid. Her living expenses during the period of the claim were not less than $75 per month, of which the plaintiff contributed $50. The mother’s income aside from the contribution received from the plaintiff, from all sources, was about $25 per month. His contribution constituted by far the largest part of the amount required for her reasonable and necessary support.
Under the uniform decisions of this court the dependency of the mother on the plaintiff for her chief support, within the meaning of the statute, is clearly established. Tomlinson v. United States, 66 C.Cls. 697; Haas v. United States, 66 C.Cls. 718; Freeland v. United States, 64 C.Cls. 364; Norris v. United States, 68 C.Cls. 719; Samouce v. United States, 69 C.Cls. 65; Rieger v. United States, 69 C.Cls. 632; Huske v. United States, 72 C.Cls. 306; Caudle v. United States, 72 C.Cls. 331; Page v. United States, 73 C.Cls. 626; Holmes v. United States, 73 C.Cls. 693.
The plaintiff is entitled to recover the increased rental and subsistence allowances provided by law for an officer of his rank from November 1, 1924, to the date of the entry of judgment herein. Entry of judgment, however, will await the coming in of a report from the General Accounting Office of the amount of judgment plaintiff is entitled to receive in accordance with this opinion.
It is so ordered.
Whaley, Judge; Littleton, Judge; Geeen, Judge; and Booth, Chief Justice, concur.